## SHIRLEY v. COLLIN COUNTY STATE BANK OF ANNA, TEXAS, et al.
### (No. 9840.)

Court of Civil Appeals of Texas. Dallas. April 30, 1927.

1. **Limitation of actions** ⊜⟹28(1)—**Two-year statute applied to suit against bank to recover balance on purchase of war savings stamps.**

Two-year statute of limitations *held* to apply to suit by purchaser against bank to recover balance of war savings stamps purchased, for which only part of face value had been received.

2. **Limitation of actions** ⊜⟹66(6)—**Purchaser's suit for amount of war savings stamps, which bank should have delivered more than two years previous, held barred, though demand was made within two years.**

Suit by purchaser of war savings stamps against bank to recover amount of alleged shortage in stamps delivered *held* barred, where more than two years had elapsed from · time delivery should have been made and from time when defendant claimed settlement was had, though less than two years had elapsed since specific demand was made for balance.

Error from Collin County Court; A. M. Wolford, Judge.

Suit by B. L. Shirley against the Collin County State Bank of Anna, Tex., and another. Judgment for defendants, and plaintiff brings error. Affirmed.

B. L. Shirley, of Anna, pro se.
Truett & Neathery, of McKinney, for defendants in error.

JONES, C. J.   Plaintiff in error brought this suit against Collin County State Bank and B. A. Marcom, its cashier, defendants in error, to recover the balance alleged to be due on a transaction with the plaintiff in error in Decem-

ber, 1918, in which he claimed to have purchased war savings stamps of the face value of $1,000, and only received such stamps of the face value of $570. Defendants in error admitted a shortage in furnishing the amount of savings stamps, but claimed that plaintiff in error had been fully repaid for such shortage, and, in addition to this, pleaded the two and four year statutes of limitation. At the conclusion of the evidence the court gave peremptory instructions in favor of defendants in error. The respective claims of the parties were supported by evidence, and a clear issue of fact was made on plaintiff in error's claim of his alleged indebtedness by reason of the shortage in the delivery of the stamps and defendants in error's claim of a settlement between them, by means of which plaintiff in error was repaid for this shortage.

[1, 2] The court, however, is of the opinion that defendants in error's plea of limitation was good and warranted the trial court in giving the peremptory instruction. Plaintiff in error's testimony shows that more than five years elapsed from the time he claims the stamps should have been delivered to him and the filing of this suit, and more than four years elapsed from the time the bank claimed to have settled with him for the shortage and the filing of this suit. At this time appellee was given savings stamps of the face value of $510 and a written memorandum showing such claim of settlement.

The two-year statute of limitation applies to this case, and we cannot sustain plaintiff in error's contention that limitation did not begin to run until he made a specific demand in 1925 for the balance of the said stamps.

We are therefore of the opinion that this case must be affirmed.

Affirmed.